IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHELLE T. COCO-CZOPCZYC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 04 C 8196 |
| v. | ) |
| | ) Wayne R. Andersen |
| CITY OF CHICAGO, | ) District Judge |
| | ) |
| Defendant. | ) |

## MEMORANDUM, OPINION AND ORDER

This matter is before the court on defendant City of Chicago's motion to dismiss [41] certain allegations contained in plaintiff Michelle Coco-Czopczyc's amended complaint. For the following reasons, the motion is granted.

## BACKGROUND

Plaintiff Michelle Coco-Czopczyc filed this lawsuit against the City of Chicago for alleged violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1983. Prior to filing this lawsuit, Coco-Czopczyc filed a charge with the Equal Employment Opportunity Commission ("EEOC") against the City of Chicago claiming that the City had discriminated against her on the basis of her gender. The factual allegations are as follows:

> I have been employed by [the City] since May 1992, most recently as Fiscal Administrator at City Hall. On December 16, 2003, I was placed on involuntary paid administrative leave until further notice. To date, I have received only two weeks pay, partial vacation pay, and no further notification about my employment status. A less qualified male who is related to the Managing Deputy Commission has assumed my job responsibilities.
>
> I believe that I have been discriminated against because of my sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended.

On July 6, 2004, Coco-Czopczyc filed an amended charge with the EEOC which included the identical factual allegations of the first charge and added the following allegation: "Also, prior to my involuntary leave, beginning on or about August 29, 2002, this same male [the individual who replaced her] usurped my authority and subjected me to ongoing harassment." On September 24, 2004, the EEOC dismissed Coco-Czopczyc's charges and issued her a notice of right to sue.

On January 7, 2005, Coco-Czopczyc filed a pro se complaint against the City of Chicago alleging discrimination. After the City filed a motion to dismiss, Coco-Czopczyc retained counsel and filed a two-count amended complaint. Count I of the amended complaint alleges gender discrimination in violation of Title VII of the Civil Rights Act, and Count II alleges violations of section 1983.

In the amended complaint, Coco-Czopczyc includes allegations of sexual harassment and hostile work environment that were not included in the charges she filed with the EEOC and which occurred, according to the allegations in the complaint, in December 2001 and June 2002. The allegations at issue are found in paragraphs 15 through 20 of the amended complaint in which Coco-Czopczyc claims that her supervisor made inappropriate sexual comments at the employee Christmas party in December 2001 and that other male employees made sexual comments about her behavior and appearance in June 2002.

The City has moved to dismiss the allegations of sexual harassment and hostile work environment.

## STANDARD OF REVIEW

In ruling on a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Szumny v. Am. Gen. Fin., Inc.*, 246 F.3d 1065, 1067 (7th Cir. 2001). The purpose of a motion to dismiss is not to decide the merits of the challenged claims but to test the sufficiency of the complaint. *See Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524 n. 1 (7th Cir. 1996). A court will grant a motion to dismiss only if it is impossible for the plaintiff to prevail under any set of facts that could be proven consistent with the allegations. *See Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000).

## DISCUSSION

### I. Title VII Claims of Sexual Harassment and Hostile Work Environment Are Beyond the Scope of the EEOC Charge

As a general rule, a Title VII plaintiff cannot file a claim of discrimination unless the claim was included in an EEOC charge. *See Ezell v. Potter*, 400 F.3d 1041, 1046-47 (7th Cir. 2005). This rule serves the dual purpose of affording the EEOC and the employer an opportunity to settle the dispute and putting the employer on notice of the charges. *See Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974). Nevertheless, because most EEOC charges are filed by laypersons rather than by lawyers, a Title VII plaintiff need not allege in an EEOC charge each and every fact that combines to form the basis of the complaint. *See Taylor v. Western & Southern Life Ins. Co.*, 966 F.2d 1188, 1195 (7th Cir. 1992). The test for determining whether an EEOC charge encompasses the claims in the complaint is whether there is a reasonable relationship between the allegations in the EEOC charge and the claims in the complaint and

whether the claims in the complaint can reasonably be expected to grow out of an investigation of the allegations set forth in the EEOC charge. *See Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.* 538 F.2d 164, 167 (7th Cir. 1976) (en banc).

In the amended complaint, Coco-Czopczyc plainly is attempting to allege a claim of discrimination based not only on gender discrimination but also based on sexual harassment and hostile work environment. In paragraphs 15 through 20 of the amended complaint, Coco-Czopczyc claims that her supervisor made inappropriate sexual comments at the employee Christmas party in December 2001 and that other male employees made sexual comments about her behavior and appearance in June 2002. However, the facts alleged in her EEOC charges simply include allegations of discrimination based on her gender and claim that she was removed from her job, replaced by a less qualified male who harassed her and denied pay.

When an EEOC charge alleges a particular theory of discrimination, "allegations of a different type of discrimination in a subsequent complaint are not reasonably related to them unless the allegation in the complaint can be reasonably inferred from the facts alleged in the charge." *Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). The claims in the EEOC charges clearly do not describe the same conduct that Coco-Czopczyc is complaining about in her amended complaint. The allegations in her EEOC charges do not mention any misconduct that would amount to a hostile or abusive work environment. Rather, Coco-Czopczyc complains about being replaced by a less qualified male who harassed her and being put on involuntary administrative leave. These allegations do not alert the EEOC or the City that she was complaining of discrimination based on a theory of sexual harassment and/or a hostile work environment. Indeed, the EEOC charges do not even mention or identify the

4

individuals she names in the amended complaint. Thus, to the extent that Coco-Czopczyc's claim in Count I of her amended complaint rests on allegations of sexual harassment and/or hostile work environment as set forth in paragraphs 15 though 20, those allegations are dismissed. However, although these allegations are beyond the scope of the EEOC charge and do not support plaintiff's claim of gender discrimination, the court recognizes that testimony about these allegations still may be introduced at trial if they help the court evaluate the claim of gender discrimination.

## II. Title VII Claim Based on Incidents that Occurred More Than Two Years Before the Complaint Was Filed Are Time Barred

A plaintiff is required to file a charge of discrimination within 300 days of the alleged discriminatory action. *See* 42 U.S.C. § 2000e-5(e); *EEOC v. Harvey L. Warner and Associates*, 91 F.3d 963, 968 (1996). The 300-day period begins to run from the date the employee is notified of the adverse employment action. *See Stark v. Dynascan Corp.*, 902 F.32d 549, 551 (7th Cir. 1990).

In this case, the applicable 300-day period began on August 11, 2003, which is 300 days before Coco-Czopczyc filed her first EEOC charge on June 7, 2004. In the amended EEOC charge, she claimed that the alleged discriminatory conduct began on or about August 29, 2002. Yet, in the amended complaint, Coco-Czopczyc complains of conduct that occurred at an employee Christmas party in December 2001 and additional comments made by a supervisor in June 2002. Based on her own allegations, this conduct occurred well before August 11, 2003 and is beyond the 300-day period in which Coco-Czopczyc had to file a claim of discrimination.

5

Coco-Czopczyc, however, argues that the conduct alleged in the amended complaint should be considered as part of a continuing course of harassment. The continuing violations doctrine applies when the acts alleged are part of an ongoing pattern of discrimination and at least one of the alleged acts of discrimination occurred within the relevant limitations period. *See Young v. Will County Dept. Of Public Aid*, 882 F.2d 290, 292 (7th Cir. 1989).

In her EEOC charge, Coco-Czopczyc claims that she was removed from her job in favor of a less qualified male and denied pay. The only allegation of harassment mentioned in the amended EEOC charge is that the male employee, who assumed her job responsibilities and replaced her, subjected her to ongoing harassment starting on August 29, 2002. The allegations in the amended complaint are discrete acts involving different individuals than the individual and conduct complained of in the EEOC charges, and these discrete incidents do not come close to meeting the standard for a continuing violation. Thus, the conduct which occurred more than 300 days before Coco-Czopczyc filed her first EEOC charge is time barred. Testimony regarding this conduct may, however, be helpful in assessing the remaining claims at trial.

### III. Section 1983 Claim Based on Incidents that Occurred More Than Two Years Before the Complaint Was Filed Are Time Barred

The statute of limitations for a section 1983 claim in Illinois is two years. *See Booker v. Ward*, 94 F.3d 1052, 1056 (7th Cir 1996). Such a claim accrues on the date a plaintiff discovered or should have discovered the injury. *See Cathedral of Joy v. Village of Hazel Crest*, 22 F.3d 713, 716-17 (7th Cir. 1994).

In her complaint, Coco-Czopczyc alleges that the sexual advances began in December 2001 and continued through June 2002 when her supervisor and other male co-workers allegedly

6

made inappropriate comments. Therefore, by June 2002, Coco-Czopczyc was aware of the alleged sexual harassment, and the time in which she had to file a claim began to accrue at that point.

Based on a two-year statute of limitations period, the time in which Coco-Czopczyc had to file a section 1983 claim expired in June 2004. Yet, she did not file her complaint until January 7, 2005 which is well beyond the two-year period. Thus, paragraphs 15 through 20 as incorporated in Count II of the amended complaint which allege a section 1983 violation based on sexual harassment and hostile work environment are dismissed as untimely.

## CONCLUSION

For the foregoing reasons, the City of Chicago's motion to dismiss [41] is granted. Plaintiff Coco-Czopczyc shall file a second amended complaint in compliance with this order no later than June 16, 2006, and the City of Chicago shall file its answer no later than June 30, 2006.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: May 30, 2006